IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 11–cv–02736–WJM–KMT

THERESA THOMAS-WALSH, and
PATRICK WALSH,

      Plaintiffs,

v.

MERCK & CO., INC., a New Jersey corporation,
MERCK SHARP & DOHME CORP, a New Jersey corporation,
GLAXOSMITHKLINE, LLC, a Delaware corporation,
GENENTECH, INC., a Delaware corporation,
HOFFMANN-LA ROCHE, INC., a New Jersey corporation,
ROCHE LABORATORIES, INC., a Delaware corporation, and
NOVARTIS PHARMACEUTICALS CORPORATION, a Delaware corporation,

      Defendants.

## ORDER

      This matter is before the court on "Merck Sharp & Dohme Corp.'s Motion to Stay Pending Transfer of this Case to Multi-District Litigation – MDL No. 2243 (D.N.J.)." (Doc. No. 14, filed Jan. 5, 2012.)

      Defendants Merck Sharp & Dohme Corp. and Merck & Co., Inc. (hereinafter, collectively, the "Merck Defendants") seeks a stay of these proceedings pending transfer of this case by the Judicial Panel on Multidistrict Litigation (JPML) to MDL No. 2243, *In Re: Fosamax (Alendronate Sodium) Products Liability Litigation*. On November 18, 2011, the JPML issued

its "Conditional Transfer Order (CTO-25) and Simultaneous Separation and Remand of Certain Claims" (hereinafter, the "CTO"). (Mot., Ex. 1.) The CTO transfers this case to the District of New Jersey pursuant to 28 U.S.C. § 1407. (*Id.*) However, it also separates and remands all claims against defendants other than the Merck Defendants and involving drugs other than Fosamax (Alendronate Sodium) back to this court. (*Id.*) The CTO further stated that if any party filed a notice of opposition to the CTO, it would not be effective until further order of the JPML. (*Id.*)

On November 28, 2011, Plaintiffs and Defendants Novartis Pharmaceuticals Corporation, GlaxoSmithKline LLC, Genentech Inc., Hoffman-La Roche Inc., and Roche Laboratories Inc. (hereinafter the "non-Merck Defendants") filed notices of opposition to the CTO with the JPML, objecting to the CTO to the extent that it separates and remands their claims against the non-Merck defendants. (*Id.,* Ex. 2-4.) Thus, Plaintiff and the non-Merck Defendants seek to have the entirety of this action transferred to MDL No. 2243, rather than only Plaintiff's claims against the Merck Defendants and relating to Fosamax. A hearing on Plaintiffs' and the non-Merck Defendants' oppositions to the CTO is set for January 26, 2012. (*Id.,* Ex. 6.)

"The Court has broad discretion to stay proceedings as incidental to its power to control its own docket." *Lundy v. C.B. Fleet Co., Inc.*, No. 09–cv–00802–WYD–KLM, 2009 WL 1965521, at *1 (D. Colo. July 6, 2009) (citations omitted); *see also String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 02–cv–01934–LTB–PAC, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006). "As a general rule, 'courts frequently grant stays pending a decision by the MDL panel

regarding whether to transfer a case.'" *See Lundy*, 2009 WL 1965521, at *1 (quoting *Good v. Prudential Ins. Co. of America*, 5 F. Supp. 2d 804, 809 (C.D. Cal. 1998)).

The court concludes that stay of proceedings is appropriate here. The court first considers whether the interests of the parties would be served by a stay. *See String Cheese*, 2006 WL 894955, at *2 (balancing prejudice of stay to the non-moving party, the plaintiff, against any undue burden of going forward on defendant). Here, the parties agree that a stay of proceedings is in their best interests. In fact, the non-moving parties—Plaintiffs and the non-Merck Defendants—seek to have the entirety of this case transferred to the MDL, rather than only the portion relating to the Merck Defendants and Fosamax. Thus, the court finds that proceeding with this matter is not presently in any of the parties' interests. Rather, the parties' best interests support staying this case until the JPML's ruling on Plaintiffs' and the non-Merck Defendants' oppositions resolves the issue of which portions of this case will be ultimately transferred to MDL No. 2243.

The court also considers its own convenience, the interests of nonparties, and the public interest in general. *See String Cheese*, 2006 WL 894955, at *2. None of these factors prompts the court to reach a different result. The court finds that granting the stay will promote judicial economy and efficiency. *See Lundy*, 2009 WL 1965521, at *1–2 (concluding "judicial economy . . . best served by granting a stay pending the MDL Panel's decision"); *Lilak v. Pfizer Corp.*, Inc., No. 08–cv–02439–CMA–KLM, 2008 WL 4924632, at *3 (D.Colo. Nov. 13, 2008) (reasoning stay pending transfer to MDL appropriate because judicial economy best served by case being considered as part of MDL); *Franklin v. Merck & Co., Inc.*, No.

3

06–cv–02164–WYD–BNB, 2007 WL 188264, at *2 (D.Colo. Jan. 24, 2007) (finding that pending transfer to MDL "granting a stay would promote judicial economy and help insure consistent pretrial rulings").  Because a stay serve the parties' best interests and the court agrees that awaiting a ruling from the MDL panel will conserve judicial resources and avoid the issuance of rulings on discovery and substantive motions inconsistent with those issued by other federal courts, the court will enter the stay.  *See Rivers v. Walt Disney Co.*, 980 F.Supp. 1358, 1360–62 (C.D. Cal.1997) (granting stay where motion to transfer and consolidate cases into MDL proceeding pending before MDL Panel and noting that "a majority of courts" have concluded that such a stay appropriate and conserves judicial resources).  The court does not find that any compelling nonparty or public interests that requires a different result.

      Accordingly, it is

      ORDERED that the "Merck Sharp & Dohme Corp.'s Motion to Stay Pending Transfer of this Case to Multi-District Litigation – MDL No. 2243 (D.N.J.)" (Doc. No. 14) is GRANTED.  This case is STAYED until such time as the JPML resolves Plaintiffs' and the non-Merck Defendants' oppositions to the order conditionally transferring this case to MDL No. 2243.  The Scheduling Conference set for January 19, 2012, and all deadlines associated with the

Scheduling Conference are VACATED.  The parties shall file a status report within five (5) days of the date the JPML issues its ruling on Plaintiffs' and the non-Merck Defendants' oppositions to the CTO.

Dated this 10th day of January, 2012.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge